**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND, | ) ) ) | |
| | ) | Case Number: 26-cv-3244 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge: |
| | ) | |
| FEDERAL SIGNAL CORPORATION, a Delaware corporation, | ) ) | |
| | ) | Magistrate Judge: |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND ("Welfare Fund"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, FEDERAL SIGNAL CORPORATION ("FSC"), and in support, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). 29 U.S.C. §§ 1132 and 1145. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) in that the Welfare Fund is administered in Burr Ridge, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The Welfare Fund receives contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local 701, International Association of Machinists and Aerospace Workers, AFL-CIO ("Union"), and therefore is a multi-employer plan under 29 U.S.C. §1002.

4. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132(a)(3) and 1145), the Welfare Fund is authorized to bring this action on behalf of its participants and beneficiaries to enforce a collective bargaining agreement.

5. FSC is a Delaware corporation with its principal place of business located in Downers Grove, Illinois.

**COUNT I**
**BREACH OF CONTRACT**

6. The Welfare Fund re-alleges and incorporates the allegations contained in paragraphs 1-5 of this Complaint with the same force and effect as if fully set forth herein.

7. FSC is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of a collective bargaining agreement ("CBA") with the Union on August 17, 2023, for the period of June 1, 2023, through May 31, 2026. (A copy of the CBA is attached as **Exhibit 1**).

8. On May 27, 2015, FSC entered into a Participation Agreement with the Welfare Fund. (A copy of the Participation Agreement is attached as **Exhibit 2**).

9. Through the Participation Agreement, FSC agreed to be bound by the provisions of the Agreement and Declarations of Trust which created the Welfare Fund (hereinafter referred to as "Trust Agreement"). (A copy of the Trust Agreement is attached as **Exhibit 3**).

10. Through the authority granted to it in the Trust Agreement, the Trustees of the Welfare

Fund adopted a Collection Policy and Payroll Audit Procedures ("Collection Policy"). (A copy of the Collection Policy is attached hereto as **Exhibit 4**).

11. Pursuant to the provisions of the CBA, Trust Agreement, and Collection Policy, FSC is required to make monthly reports of the number of weeks worked by bargaining unit employees and pay contributions to the Welfare Fund for each week that a bargaining unit employee performs any work at the negotiated rate set forth in the CBA. (**Exhibit 1**; **Exhibit 3**, **Exhibit 4**).

12. The monthly reports and contributions during all relevant times were due on or before the tenth (10th) day of the calendar month following the calendar month during which the work was performed. (**Exhibit 1**).

13. Pursuant to Section 502(g)(2) of ERISA, the Trust Agreement, and the Collection Policy, employers who fail to pay contributions to the Welfare Fund on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid, plus interest at a rate of one percent (1%) per month from the original due date until the contributions are paid in full and any reasonable attorneys' fees and costs of maintaining suit. (**Exhibit 3**; **Exhibit 4**).

14. Article 21, Section 21.1(3)(c) of the CBA, contains the following language:

> "The obligation to make the above contributions shall continue during periods when the Collective Bargaining Agreement is being negotiated so long as there is no work stoppage in effect and during periods when the employee is not performing a direct service for the Company but receiving compensation from the Company due to fringes outlined in this Agreement, such as vacations, funeral leave, and holidays."

(**Exhibit 1**).

15. On February 27, 2025, one of FSC's bargaining unit employees, Kevin Jongsma, terminated employment with FSC.

16. Pursuant to the CBA, FSC paid weekly contributions to the Welfare Fund on behalf of Jongsma attributable to the work he performed during the month of February 2025.

17. Upon Jongsma's termination, FSC paid out one (1) week of accrued and unused vacation to Jongsma in addition to the wages he earned for work through February 27, 2025.

18. Article 21, Section 21.1(3)(c) of the CBA requires FSC to pay contributions in the amount of $391.00 to the Welfare Fund attributable to the one (1) week of accrued and unused vacation Jongsma received upon termination.

19. FSC failed to pay the contributions required to be paid on behalf of Jongsma attributable to the one (1) week of accrued and unused vacation Jongsma received upon termination.

20. As a result of its failure to remit contributions for the one (1) week of accrued and unused vacation Jongsma received upon termination, FSC owes liquidated damages to the Welfare Fund in the amount of $39.10.

21. As a result of its failure to remit contributions for one (1) week of accrued and unused vacation Jongsma received upon termination, FSC also owes the Welfare Fund interest in an unknown amount, which continues to accrue.

22. FSC has a continuing obligation to submit monthly reports and to pay contributions on behalf of its bargaining unit employees, and, as a result, additional monies may be owed.

23. Plaintiff has been required to employ the undersigned counsel to collect the monies that are due and owing from FSC.

24. FSC is obligated to pay the reasonable attorneys' fees and court costs incurred by the Welfare Fund pursuant to the Trust Agreement, Collection Policy, and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, the Welfare Fund respectfully requests:

A.     That Judgment be entered in favor of the Welfare Fund and against FSC for contributions in the amount of $391.00 attributable to one (1) week of accrued and unused vacation Jongsma received upon termination;

B.     That Judgment be entered in favor of the Welfare Fund and against FSC for liquidated damages in the amount of $39.10 attributable to one (1) week of accrued and unused vacation Jongsma received upon termination;

C.     That Judgment be entered in favor of the Welfare Fund and against FSC for interest in an unknown amount attributable to one (1) week of accrued and unused vacation Jongsma received upon termination;

D.     That Judgment be entered in favor of the Welfare Fund and against FSC for any other contributions, liquidated damages, and interest that may become due in addition to the amounts identified in Paragraphs A-C above;

E.     That FSC be ordered to pay the reasonable attorneys' fees and costs incurred by the Welfare Fund pursuant to the Trust Agreement, Collection Policy, and 29 U.S.C. §1132(g)(2)(D); and

F.     That the Welfare Fund has such other and further relief as the Court may deem just and equitable all at the Defendant FSC's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND**

By:    /s/ Edward P. Barry - 6348821
One of Plaintiff's Attorneys
Edward P. Barry
JOHNSON & KROL, LLC
141 W Jackson Boulevard, STE 2055
Chicago, Illinois 60604
(312) 788-2917
barry@johnsonkrol.com

Page 6 of 6